IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JORDAN STIGLER, | ) |
| | ) |
| Plaintiff, | ) CASE NO._____ |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF WATERLOO, IOWA and | ) |
| ROB MICHAEL and BEN BLOKER, | ) COMPLAINT & JURY DEMAND |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

COMES NOW, the Plaintiff, Jordan Stigler, in support of Plaintiff's cause of action against the Defendants, the City of Waterloo, Iowa, Rob Michael and Ben Bloker, states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983; the Constitution of the United States of America; the Constitution of the State of Iowa; and Iowa common law.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Black Hawk County, Iowa, on or about October 31, 2017.

## JURISDICTION

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391(b) in that one or more of the Defendants live and/or do business in this district, the rest residing in the State of Iowa, and a substantial portion of the events that give rise to this claim occurred in this district.

## PARTIES

5. At all times material hereto, Plaintiff Jordan Stigler (hereinafter referred to as "Stigler") was a citizen and resident of Black Hawk County, Iowa. Stigler is African American.

6. At all times material hereto, Defendant Rob Michael (hereinafter referred to as "Michael") was an employed by the Waterloo Police Department as a police officer and was involved in causing the unlawful arrest and detention of Stigler using excessive force. He is sued individually as the result of wrongful conduct he engaged in as part of his duties for the Waterloo Police Department. Michael is Caucasian.

7. At all times material hereto, Defendant Ben Bloker (hereinafter referred to as "Bloker") was an employed by the Waterloo Police Department as a police officer and was involved in causing the unlawful arrest and detention of Stigler using excessive force. He is sued individually as the result of wrongful conduct he engaged in as part of his duties for the Waterloo Police Department. Bloker is Caucasian.

8. The City of Waterloo is a governmental subdivision of the State of Iowa and operates a Police Department involved in the unlawful arrest of Stigler.

## FACTUAL BACKGROUND

9. On October 31, 2017, Stigler was operating a motor vehicle without violating any traffic laws and heading east bound on Rainbow Drive in Waterloo.

10. Michael, operating a Waterloo police cruiser, was stopped at an intersection near the 2100 block of Rainbow Drive.

11. Michael states in his report of the incident that as "the vehicle passed me, I noticed the driver was a black male who was wearing a hoodie."

12. Michael admits in his report that he followed the Stigler vehicle because the car was being driven by "black male wearing a hoodie." In his report Michael makes no other claim justifying his investigation and pursuit of Stigler.

13. Michael had no legitimate non-discriminatory reason for following Stigler or running the license plates on the vehicle Stigler was operating.

14. While following the Stigler vehicle Michael ran the license plate information and determined that a co-owner of the vehicle was a black male with a suspended license who was covered by a no contact order keeping him from being in the presence of the other co-owner, a black female.

15. In his report Michael makes no mention of identifying a passenger in the Stigler vehicle prior to initiating a stop of the vehicle using emergency lights.

16. In his report Michael concedes that he "advised [Stigler] of my reason for stopping him," which, as noted in paragraph 10 above, was because he was a "black male wearing a hoodie."

17. In his report Michael concedes that the black male passenger in the Stigler vehicle admitted to being the co-owner of the vehicle that did not have a valid driver's license and that Michael "recognized this to be true."

18. At this point Michael had no further legitimate reason to continue detaining Stigler having determined that the co-owner of the vehicle with barred license was not operating the vehicle and the black female with the no contact order was not in the vehicle.

19. In his report Michael concedes no legitimate reason for the continued detention by noting that "[u]pon taking a look at the passenger, I now recognized [the passenger was the person without a driver's license and subject to the no contact order] to be true."

20. Stigler states that Michael did, in fact, tell him that he was being pulled over because he was a "black male wearing a hoodie."

21. Upon hearing Michael's discriminatory and unlawful reason for stopping him, *i.e.*, he was black and wearing a hoodie, Stigler reasonably and appropriately pulled his phone out to record the exchange.

22. Michael immediately attempted to take the phone away from Stigler and admitted in his report that Stigler "began using his cell phone. At this time, I reached in and grabbed [the phone] from his hand."

23. Stigler reflexively refused to give up his phone.

24. According to his report Michael then forcefully removed Stigler from the vehicle, and used a "successful taser strike to the upper back at which time [Stigler] fell to the ground."

25. Bloker arrived at the scene after Michael unlawfully stopped the Stigler vehicle, but was involved in the unlawful continued detention; the unlawful attempt to take Stigler's cell phone; the unlawful attempt to prohibit Stigler from recording the encounter; and the excessive force used to take Stigler's phone, remove him from the car and place him under arrest.

26. It was not until unconstitutionally stopping Stigler, unconstitutionally detaining Stigler, unconstitutionally attempting to stop Stigler from recording the incident, unconstitutionally using force to remove Stigler from the vehicle and unconstitutionally tasing Stigler, that Michael and Bloker determined that Stigler had a warrant and a suspended license.

27. Michael failed to record the incident on his body camera alleging that he "inadvertently for[got] to grab it from the charger at the station."

28. Stigler was injured by the Defendants conduct, both physically and emotionally.

29. The Defendants acted willfully, maliciously and/or recklessly subjecting them to punitive damages.

### COUNT I - UNREASONABLE SEARCH –
### FOURTH AMENDMENT U.S. CONSTITUTION and
### ARTICLE I, SECTION 8 of the IOWA CONSTITUTION

30. The Defendants, City of Waterloo, Michael and Bloker, with said individuals acting under the color of state law, violated the right of Stigler to be free from unreasonable search guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight, of the Iowa Constitution.

31. Michael violated Stigler's right to be free from an unreasonable search without probable cause by racially profiling and following Stigler in the first place; by looking for any pretextual basis to stop the Stigler vehicle; and by continuing to detain Stigler after determining the initial pretextual basis for the stop was invalid in an effort to uncover an additional basis to justify the traffic stop.

32. Bloker violated Stigler's right to be free from an unreasonable search without probable cause by participating in Stigler's continued detention after determining the initial pretextual basis for the stop was invalid in an effort to uncover an additional basis to justify the traffic stop.

33. The Defendant City of Waterloo failed to adequately train and/or supervise Defendants Michael and Bloker regarding proper traffic stop procedure without racial profiling and to understand that even an authorized search must cease once the basis for the search is negated.

34. The Defendant City of Waterloo has a pattern or practice of racial profiling established by custom or acquiescence to allow such conduct.

35. The Defendants proximately caused damages to Stigler by racially profiling and stopping him in the first place, and unlawfully detaining him to search for an additional pretextual basis for detaining him after the initial unlawful basis for stopping him was determined to be unjustified, all without probable cause in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, the Plaintiff Stigler prays for judgment against the Defendants City of Waterloo, Rob Michael and Ben Bloker in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages, and for such other and further relief as may be just in the premises.

### COUNT II - UNREASONABLE SEIZURE – FOURTH AMENDMENT U.S CONSTITUTION and ARTICLE I, SECTION 8 of the IOWA CONSTITUTION

36. The Defendants, City of Waterloo, Michael and Bloker with said individuals acting under the color of state law, violated the right of Stigler to be free from unreasonable seizure and detention guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section Eight of the Iowa Constitution, by stopping him without probable cause, further detaining him without probable cause and using excessive force to both keep him from recording the incident and in placing him under arrest.

37. Michael violated Stigler's right to be free from an unreasonable seizure and detention without probable cause by racially profiling and stopping Stigler in the first place; by continuing to detain Stigler after determining the initial pretextual basis for the stop was invalid;

by using excessive force in arresting Stigler; and by using excessive force to keep Stigler from recording the incident and taking Stigler's cell phone away.

38. Bloker violated Stigler's right to be free from an unreasonable seizure and detention without probable cause by participating in Stigler's continued detention after determining the initial pretextual basis for the stop was invalid; by using excessive force in arresting Stigler; and by using excessive force to keep Stigler from recording the incident and taking Stigler's cell phone away.

39. The Defendant City of Waterloo failed to adequately train and/or supervise Defendants Michael and Bloker regarding proper arrest procedure, the need for probable cause to justify a seizure, to avoid the use of excessive force and to understand Stigler's right to record interactions with the police.

40. The Defendant City of Waterloo has a pattern or practice established by custom or acquiescence to allow such conduct.

41. The Defendants proximately caused damages to Stigler by unlawfully seizing and detaining him without probable cause, and for using excessive force in arresting him and in an effort to keep him from recording the encounter by taking his cell phone away, all in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution, and Article I, Section Eight, of the Iowa Constitution.

WHEREFORE, the Plaintiff Stigler prays for judgment against the Defendants City of Waterloo, Rob Michael and Ben Bloker in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages, and for such other and further relief as may be just in the premises.

## COUNT III - SUBSTANTIVE DUE PROCESS-
## FIFTH and FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUION and
## ARTICL 1, SECION 9 of the IOWA CONSTITUTION

42. The Defendants City of Waterloo, Michael and Bloker, with said individuals acting under color of state law, violated the rights of Stigler to substantive due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section Nine, of the Iowa Constitution and 42 U.S.C. §§1981 and 1982.

43. The Defendants conduct in racially profiling Stigler and violently keeping him from expressing his constitutional right to record the encounter "shocks the conscience" and/or offends judicial notions of fairness and/or human dignity.

44. The right to be free from racial profiling and discrimination, such as following and detaining a vehicle because it is being driven by a "black male wearing a hoodie," and to record an encounter with police particularly after being told that the reason you were stopped is because you are a "black male wearing a hoodie," are a fundamental rights rooted in in the conscience of the people

45. The Defendants, City of Waterloo, Michael and Bloker in acting to deprive Stigler of his substantive due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section Nine, of the Iowa Constitution, proximately caused injuries and damages to the Plaintiff.

46. The Defendant City of Waterloo has a pattern or practice established by custom or acquiescence to allow such conduct.

WHEREFORE, Stigler prays for judgment against the Defendants City of Waterloo, Michael and Bloker in an amount which will fully and fairly compensate him for his injuries and

8
Case 6:18-cv-02086-CJW-KEM   Document 1   Filed 11/06/18   Page 8 of 11

damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and further relief as may be just in the premises.

### COUNT IV – RACE DISCRIMINATION – THIRTEENTH AMENDMENT U.S. CONSTITUTION and ARTICLE I, SECTION TWENTY-THREE of the IOWA CONSTITUTION

47. Stigler, an African American, was treated differently than a White citizen of the United States of America and the State of Iowa would have been treated under similar circumstances in that he was racially profiled, further detained, kept from recording the encounter and subjected to excessive force that a White citizen would not have been subjected to for engaging in similar conduct.

48. The Defendants acting under the color of state law violated the right of Stigler to be free from racial profiling and discrimination as guaranteed by the Thirteenth Amendment to the United States Constitution Article I, Section Twenty-Two, of the Iowa Constitution, and 42 U.S.C. §§1981 and 1982.

49. The Defendants proximately caused damages to Stigler by unlawfully and discriminatorily treating him in violation of the rights guaranteed by the Thirteenth Amendment to the United States Constitution, Article I, Section Twenty-Three, to the Iowa Constitution, and 42 U.S.C. §§1981 and 1982.

50. The Defendant City of Waterloo has a pattern or practice established by custom or acquiescence to allow such conduct.

WHEREFORE, Stigler prays for judgment against the Defendants City of Waterloo, Michael and Bloker in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and further relief as may be just in the premises.

## COUNT V - FREEDOM OF SPEECH/EXPRESSION – FIRST AMENDMENT U.S. CONSTITUION and ARTICLE I, SECTION 7 of the IOWA CONSTITUTION

51. Stigler had a constitutional right under the First Amendment to the United States Constitutional and Article I, Section 7 of the Iowa Constitution to express himself including by video and audio recording the subject matter interaction occurring in public and involving a public official.

52. The Defendants interfered with Stigler's constitutional right by physically stopping Stigler from recording the subject matter incident and arresting Stigler, at least in part, in retaliation for engaging in protecting activity.

53. The Defendants proximately caused damages to Stigler by unlawfully violating his rights guaranteed by the First Amendment to the United States Constitution, and Article I, Section Seven of the Iowa Constitution.

54. The Defendant City of Waterloo has a pattern or practice established by custom or acquiescence to allow such conduct.

WHEREFORE, Stigler prays for judgment against the Defendants City of Waterloo, Michael and Bloker in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages and further relief as may be just in the premises.

## COUNT VI – IOWA COMMON LAW - FALSE IMPRISONMENT

55. The Defendants, City of Waterloo, Michael and Bloker caused Stigler to be unlawfully restrained and imprisoned against his will and in doing so acted outside the scope of their authority as police officers for the City of Waterloo.

56. The Defendants, City of Waterloo, Michael and Bloker, in unlawfully restraining and imprisoning Stigler against his will, proximately caused injuries and damages to the Plaintiff.

57. Stigler was harmed both physically and emotionally as the result of the Defendants' unlawful conduct.

58. The individual Defendants acted willfully, maliciously and/or recklessly subjecting them to punitive damages.

WHEREFORE, Stigler prays for judgment against the Defendants City of Waterloo, Michael and Bloker in an amount which will fully and fairly compensate him for his injuries and damages, for attorney's fees, for interest and costs as allowed by law, for punitive damages against Michael and Bloker, and further relief as may be just in the premises.

## JURY DEMAND

Stigler hereby requests a jury trial on all issues raised by his Complaint.

Respectfully submitted,

**Dave O'Brien Law**

1500 Center St. NE
Cedar Rapids, Iowa 52402
Phone: (319) 861-3001
Fax: (319) 861-3007
E-mail: dave@daveobrienlaw.com

By: */s/ David A. O'Brien*
DAVID A. O'BRIEN, AT0005870

*ATTORNEY FOR PLAINTIFF*

ORIGINAL FILED.